IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| OPTICAL COMMUNICATION PRODUCTS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| FINISAR CORPORATION, | § § | |
| Defendant, | § § | |
| and | § § § | CIVIL ACTION NO. 6:11-cv-104-LED |
| FINISAR CORPORATION, | § § | JURY |
| Counter-Plaintiff, | § § | |
| v. | § § | |
| OPTICAL COMMUNICATION PRODUCTS, INC., a Delaware corporation, and OPLINK COMMUNICATIONS, INC., a Delaware corporation, | § § § § § § | |
| Counter-Defendants. | § § | |

**FINISAR CORPORATION'S ANSWER TO OPTICAL COMMUNICATION PRODUCTS, INC.'S COMPLAINT AND FINISAR CORPORATION'S COUNTERCLAIMS AGAINST OPTICAL COMMUNICATION PRODUCTS, INC. AND OPLINK COMMUNICATIONS, INC.**

Defendant Finisar Corporation ("Finisar"), by and through its undersigned counsel, hereby responds to Plaintiff Optical Communication Products, Inc. ("OCP")'s Complaint and Demand for Jury Trial ("Complaint") as follows:

**PARTIES**

1. Finisar admits the allegations in Paragraph 1.

2. Finisar admits the allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. Finisar denies that it committed acts of patent infringement. To the extent that the remaining allegations of paragraph 3 of the Complaint state legal conclusions, Finisar is not required to, and does not, admit or deny such allegations.

4. The allegations in Paragraph 4 are legal conclusions to which no responsive pleading is required.

5. Finisar admits that it does business in this State and judicial district, which may include selling laser and sensor products. Finisar admits that it has a facility in Allen, Texas involved in the manufacture of VCSELs used in LAN and SAN applications and employing a full-time staff. Finisar admits that it has described its Allen, Texas facility as "Principal manufacturing operations for our AOC division." To the extent that the remaining allegations of paragraph 5 of the Complaint state legal conclusions, Finisar is not required to, and does not, admit or deny such allegations. Except as expressly admitted, Finisar denies the allegations of Paragraph 5.

6. The allegations in Paragraph 6 are legal conclusions to which no responsive pleading is required.

## VERTICAL-CAVITY SURFACE-EMITTING LASERS

7. Finisar admits that OCP contends that the technology at issue in this matter relates to the design of lasers and their components and how Vertical-Cavity Surface-Emitting Lasers ("VCSELs") work.

8. Finisar admits that VCSELs emit radiation parallel to the surface of the chip so that the output beam is generally perpendicular to the top surface. Finisar admits that VCSELs have some advantages compared to edge-emitting lasers. Finisar admits that VCSELs generally have a lower temperature sensitivity, require lower threshold currents to enable high-density arrays, and have a lower beam divergence compared to certain edge-emitting lasers. Finisar admits that certain VCSELs are usually cheaper to manufacture and that they can be processed using 2-D arrays. To the extent not expressly admitted, Finisar denies the allegations in

Paragraph 8.

9. Finisar admits that VCSELs generally require highly reflective mirrors to be efficient. Finisar admits that certain edge-emitting lasers have a natural reflectivity of about 30%, but denies OCP's allegation to the extent it implies that no edge-emitting lasers have higher reflectivity. Finisar admits that for certain VCSELs, the reflectivity for low threshold currents is greater than about 99%. Finisar admits that such reflectivity is typically not effectively achieved by the use of metallic mirrors. Finisar admits that such reflectivity may be achieved by employing Distributed Bragg Reflector ("DBR") mirrors. Finisar admits that DBR mirrors are generally formed by laying down alternating layers of different optical materials with different refractive indices. To the extent not expressly admitted, Finisar denies the allegations in Paragraph 9.

10. Finisar admits that certain early VCSEL devices had metallic mirrors with resulting threshold current densities which needed cooling using liquid Nitrogen. Finisar admits that a shift away from metallic mirrors started and that pulsed room temperature VCSELs were later being produced in the laboratory, however Finisar is without knowledge or information sufficient to form a belief as to the precise dates. Finisar admits that certain VCSELs have many applications. Finisar admits that certain VCSELs can be modulated with frequencies in the gigahertz range. Finisar admits that certain VCSELs are useful as transmitters for optical fiber communications. Finisar admits that certain VCSELs are used in computer mice. Finisar admits that a laser mouse with a VCSEL as light source may have generally high tracking precision and/or a generally low electricity consumption, and that low electricity consumption may be important for certain battery-powered devices. Finisar admits that certain wavelength-tunable VCSELs may be built having a separate output coupling mirror the position of which can be tuned via thermal expansion, electrostatic forces, or a piezoelectric element. Finisar admits that certain VCSELs can be used in some miniature optical clocks, where the laser beam probes an atomic transition in cesium vapor. Finisar is without knowledge or information sufficient to form a belief as to whether miniature optical clocks using VCSELs are used in compact GPS

devices. To the extent not expressly admitted, Finisar denies the allegations in Paragraph 10.

## FINISAR'S VCSEL ACTIVITY IN TEXAS

11. Finisar admits that it sells certain VCSELs. Finisar admits that its most recent annual report states that "all of the short wavelength VCSEL lasers used in our LAN and SAN products are currently produced at our facility in Allen, Texas." Except as expressly admitted, Finisar denies the allegations in Paragraph 11.

12. Finisar admits that it invested more that $13 million renovating its Allen, Texas facility and that it held a ribbon-cutting ceremony at the newly expanded facility on October 10, 2006. Finisar admits that the Allen, Texas plant includes metalorganic chemical vapor deposition reactors and automated assembly for VCSELs. Except as expressly admitted, Finisar denies the allegations in Paragraph 12.

13. Finisar admits that it has described its Allen, Texas facility as "Principal manufacturing operations for our AOC division." Finisar denies the remaining allegations in Paragraph 13.

14. Finisar admits that certain of its publicly available datasheets related to VCSELs include "[B]usiness unit headquarters, VCSEL wafer growth, wafer fabrication and TO package assembly" under the header "Location." Finisar admits that certain of its datasheets related to VCSELs also list a 214 area code for Finisar's direct phone line and fax numbers. Finisar admits that some Allen, Texas phone numbers have a 214 area code. Except as expressly admitted, Finisar denies the allegations in Paragraph 14.

## THE PATENTS-IN-SUIT

15. Finisar admits that the face of U.S. Patent No. 5,245,622 ("the '622 Patent") indicates both that it is titled "Vertical-Cavity Surface-Emitting Lasers with Intra-Cavity Structures" and that it issued on September 14, 1993. Finisar admits that a copy of the '622 Patent is attached as Exhibit A to the Complaint. Finisar is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 15, and on that basis

denies them.

16.     Finisar admits that the face of U.S. Patent No. 6,720,585 ("the '585 Patent") indicates both that it is titled "Low Thermal Impedance DBR for Optoelectronic Devices" and that it issued on April 13, 2004.  Finisar admits that a copy of the '585 Patent is attached as Exhibit B to the Complaint.  Finisar is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 16, and on that basis denies them.

17.     Finisar admits that the face of U.S. Patent No. 6,810,065 ("the '065 Patent") indicates both that it is titled "Low Electrical Resistance N-Type Mirrors for Optoelectronic Devices" and that it issued on October 26, 2004.  Finisar admits that a copy of the '065 Patent is attached as Exhibit C to the Complaint.  Finisar is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 17, and on that basis denies them.

18.     Finisar admits that the face of U.S. Patent No. 6,816,642 ("the '642 Patent") indicates both that it is titled "Apparatus and Methods for Using Fiber Optic Arrays in Optical Communication Systems" and that it issued on November 9, 2004.  Finisar admits that a copy of the '642 Patent is attached as Exhibit D to the Complaint.  Finisar is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 18, and on that basis denies them.

19.     Finisar admits that the face of U.S. Patent No. 5,521,736 ("the '736 Patent") indicates both that it is titled "Control Circuits for Parallel Optical Interconnects" and that it issued on May 28, 1996. Finisar admits that a copy of the '736 Patent is attached as Exhibit E to the Complaint.  Finisar is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 19, and on that basis denies them.

## RESPONSE TO COUNT I

20.     Finisar reasserts and incorporates by reference its responses to each Paragraph above.

21.     Finisar is without knowledge or information sufficient to form a belief as to the

allegations in Paragraph 21, and on that basis denies them.

22. Finisar denies the allegations in Paragraph 22.

## **RESPONSE TO COUNT II**

23. Finisar reasserts and incorporates by reference its responses to each Paragraph above.

24. Finisar is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 24, and on that basis denies them.

25. Finisar denies the allegations in Paragraph 25.

## **RESPONSE TO COUNT III**

26. Finisar reasserts and incorporates by reference its responses to each Paragraph above.

27. Finisar is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 27, and on that basis denies them.

28. Finisar denies the allegations in Paragraph 28.

## **RESPONSE TO COUNT IV**

29. Finisar reasserts and incorporates by reference its responses to each Paragraph above.

30. Finisar is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 30, and on that basis denies them.

31. Finisar admits that OCP alleges that the '642 Patent relates to "Active Optical Cables." Finisar admits OCP purports to define "Active Optical Cable" as "a cabling technology that accepts electrical inputs but uses optical fiber between the connectors." Finisar admits that OCP contends that the connectors of an "Active Optical Cable" typically contain a transceiver. Except as expressly admitted, Finisar denies the allegations in Paragraph 31.

32. Finisar denies the allegations in Paragraph 32.

## RESPONSE TO COUNT V

33. Finisar reasserts and incorporates by reference its responses to each Paragraph above.

34. Finisar is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 34, and on that basis denies them.

35. Finisar admits that OCP alleges that the '736 Patent relates to control circuits for parallel optical interconnects. Finisar admits that OCP alleges that Finisar incorporates said control circuits in certain of its "Active Optical Cable" products. Except as expressly admitted, Finisar denies the allegations in Paragraph 31.

36. Finisar denies the allegations in Paragraph 36.

## AFFIRMATIVE DEFENSES

37. For its further and separate defenses to OCP's claims and each purported cause of action therein, Finisar alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
(Non-Infringement)

38. Finisar has not and is not infringing, contributing to the infringement of, or inducing infringement of any valid, enforceable claim of any of the OCP Patents-In-Suit.

### SECOND AFFIRMATIVE DEFENSE
(Invalidity)

39. The claims of the OCP Patents-In-Suit are invalid for failure to meet the statutory and decisional requirements for patentability under 35 U.S.C. §§ 101, et. seq., including, but not limited to §§ 101-103 and/or 112.

### THIRD AFFIRMATIVE DEFENSE
(Prosecution History Estoppel)

40. OCP is estopped from construing any claim of the OCP Patents-In-Suit to be infringed or have been infringed, either literally or under the doctrine of equivalents, by any method or product manufactured, used, imported, sold or offered for sale by Finisar in view of the prior art and because of admissions and statements OCP made to the USPTO during

prosecution of the applications leading to the issuance of the OCP Patents-In-Suit.

## FOURTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 287)

41. OCP's claims and/or recovery against Finisar are barred, in whole or in part, by 35 U.S.C. § 287.

## FIFTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

42. OCP is not entitled to enhanced or increased damages for willful infringement because Finisar has not engaged in any conduct that meets the applicable standard for willful infringement, OCP is not entitled to injunctive relief, and OCP has not been irreparably harmed.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches/Estoppel)

43. By reasons of OCP's own conduct, statements, acts, and omissions, OCP's claims are barred or limited by the doctrine of laches and/or equitable estoppel.

## SEVENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

44. OCP's claims for equitable relief are barred in light of the fact that OCP has an adequate remedy at law.

## EIGHTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 286)

45. Notwithstanding other affirmative defenses which may completely bar OCP's requests for relief, 35 U.S.C. § 286 bars OCP from recovering for any alleged infringement committed more than six years prior to the filing of OCP's Complaint.

## NINTH AFFIRMATIVE DEFENSE
### (Other Defenses)

46. Finisar intends to rely on any other defenses that may be available by law, or pursuant to statute, of which it becomes aware as a result of discovery or otherwise during the course of this matter, and hereby reserves the right to amend this Answer to assert such defenses.

## RESPONSE TO PRAYER FOR RELIEF

Finisar denies that OCP is entitled to any relief from Finisar whatsoever, either as prayed or otherwise.

Finisar denies each and every allegation not heretofore specifically admitted.

Finisar joins OCP's demand for a jury trial on all issues triable to a jury.

## COUNTERCLAIMS

Defendant and Counterclaimant Finisar alleges Counterclaims as follows:

## THE PARTIES

1. Finisar is a Delaware corporation with its principal place of business at 1389 Moffett Park Drive, Sunnyvale, California 94089-1134.

2. OCP is a Delaware corporation having a principal place of business at 46335 Landing Parkway, Fremont, California 94538. OCP is a wholly owned subsidiary of Oplink Communications, Inc.

3. Oplink Communications, Inc. ("Oplink") is a Delaware corporation doing business in this judicial district, and has a principal place of business at 46335 Landing Parkway, Fremont, California 94538. Oplink may be served with process via its registered agent for service, Joe Liu, 46335 Landing Parkway, Fremont, California 94538.

## JURISDICTION AND VENUE

4. Finisar's claims for Declaratory Relief are brought under 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338, and 1367.

5. Finisar's counterclaims for patent infringement arise under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. § 1331 and 1338(a).

6. On March 7, 2011 OCP filed this lawsuit, which alleges that Finisar infringes the '622 Patent, the '585 Patent, the '065 Patent, the '642 Patent and the '736 Patent (collectively, the "OCP Patents-In-Suit"). There is an actual controversy between Finisar and Plaintiff

regarding non-infringement, validity, and/or unenforceability of the OCP Patents-In-Suit because OCP has asserted that Finisar infringes the OCP Patents-In-Suit.

7. Personal jurisdiction as to each counter-defendant is proper in the State of Texas and in this judicial district. On information and belief, the counter-defendants do and have done substantial business in this State and in this judicial district, and therefore have sufficient contacts with the State of California to satisfy the requirements of due process and Rule 4(k)(2) of the Federal Rules of Civil Procedure. Furthermore, OCP has consented to jurisdiction in this district by filing suit against Finisar in this Court.

8. Venue for these counterclaims is proper in this Court under 28 U.S.C. §§1391 and 1400.

## COUNTERCLAIM I
### (Declaratory Judgment of Invalidity)

9. Finisar repeats and realleges the averments in all the Paragraphs above as though fully set forth herein.

10. The claims of the OCP Patents-In-Suit are invalid for failure to meet the requirements of one or more sections of 35 U.S.C. §§ 101 *et seq.* and/or one or more sections of 37 C.F.R.

## COUNTERCLAIM II
### (Declaratory Judgment of Non-Infringement)

11. Finisar repeats and realleges the averments in all the Paragraphs above as though fully set forth herein.

12. Finisar has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the OCP Patents-In-Suit.

## COUNTERCLAIM III
### (Infringement of U.S. Patent No. 6,439,918)

13. Finisar repeats and realleges the averments in all the Paragraphs above as though fully set forth herein.

14. Finisar is the sole owner of United States Patent No. 6,439,918 ("the '918

Patent"), titled "Electronic Module Having An Integrated Latching Mechanism," which was duly and legally issued on August 27, 2002. A true and correct copy of the '918 Patent is attached hereto as Exhibit 1.

15. Oplink and OCP have each infringed and continue to infringe under 35 U.S.C. § 271 one or more claims of the '918 Patent by making, using, offering to sell, importing, and/or selling or assisting, abetting, and encouraging others with making, using, offering to sell, selling, and/or importing in and into the United States electronic modules having an integrated latching mechanism that embody the patented invention, including without limitation certain SFP and SFP+ transceivers.

**COUNTERCLAIM IV**
**(Infringement of U.S. Patent No. 6,884,097)**

16. Finisar repeats and realleges the averments in all the Paragraphs above as though fully set forth herein.

17. Finisar is the sole owner of United States Patent No. 6,884,097 ("the '097 Patent"), titled "Transceiver Latch Mechanism," which was duly and legally issued on April 26, 2005. A true and correct copy of the '097 Patent is attached hereto as Exhibit 2.

18. Oplink and OCP have each infringed and continue to infringe under 35 U.S.C. § 271 one or more claims of the '097 Patent by making, using, offering to sell, importing, and/or selling or assisting, abetting, and encouraging others with making, using, offering to sell, selling, and/or importing in and into the United States transceivers with latch mechanisms that embody the patented invention, including without limitation certain XFP transceivers.

**COUNTERCLAIM V**
**(Infringement of U.S. Patent No. 6,908,323)**

19. Finisar repeats and realleges the averments in all the Paragraphs above as though fully set forth herein.

20. Finisar is the sole owner of United States Patent No. 6,908,323 ("the '323 Patent"), titled "Transceiver Latch Mechanism," which was duly and legally issued on June 21,

2005.  A true and correct copy of the '323 Patent is attached hereto as Exhibit 3.

21. Oplink and OCP have each infringed and continue to infringe under 35 U.S.C. § 271 one or more claims of the '323 Patent by making, using, offering to sell, importing, and/or selling or assisting, abetting, and encouraging others with making, using, offering to sell, selling, and/or importing in and into the United States products that embody the patented invention, including without limitation certain XFP transceivers.

## COUNTERCLAIM VI
### (Infringement of U.S. Patent No. 7,088,518)

22. Finisar repeats and realleges the averments in all the Paragraphs above as though fully set forth herein.

23. Finisar is the sole owner of United States Patent No. 7,088,518 ("the '518 Patent"), titled "Bidirectional Optical Device," which was duly and legally issued on August 8, 2006.  A true and correct copy of the '518 Patent is attached hereto as Exhibit 4.

24. Oplink and OCP have each infringed and continue to infringe under 35 U.S.C. § 271 one or more claims of the '518 Patent by making, using, offering to sell, importing, and/or selling or assisting, abetting, and encouraging others with making, using, offering to sell, selling, and/or importing in and into the United States bidirectional optical devices that embody the patented invention, including without limitation certain BiDi transceivers.

## COUNTERCLAIM VII
### (Infringement of U.S. Patent No. 7,255,484)

25. Finisar repeats and realleges the averments in all the Paragraphs above as though fully set forth herein.

26. Finisar is the sole owner of United States Patent No. 7,255,484 ("the '484 Patent"), titled "Method And System For Releasing A Pluggable Module," which was duly and legally issued on August 14, 2007.  A true and correct copy of the '484 Patent is attached hereto as Exhibit 5.

27. Oplink and OCP have each infringed and continue to infringe under 35 U.S.C. §

271 one or more claims of the '484 Patent by making, using, offering to sell, importing, and/or selling or assisting, abetting, and encouraging others with making, using, offering to sell, selling, and/or importing in and into the United States optoelectronic modules that embody the patented invention, including without limitation certain SFP transceivers.

**PRAYER FOR RELIEF**

WHEREFORE, Finisar prays for the entry of judgment as follows:

A. That OCP take nothing for relief;

B. That OCP's claims be dismissed with prejudice;

C. Judging the OCP Patents-In-Suit and their claims invalid;

D. Judging that Finisar has not infringed and is not infringing, directly or indirectly, any valid and enforceable claim of the OCP Patents-In-Suit;

E. Adjudicating and declaring that Oplink and OCP have infringed, actively induced infringement of, and/or contributorily infringed the '918 Patent, the '097 Patent, the '332 Patent, the '518 Patent, and the '484 Patent;

F. Preliminarily and permanently enjoining Oplink and OCP, their officers, agents, servants, employees, attorneys and all persons in active concert or participation with them from further infringement of the '918 Patent, the '097 Patent, the '332 Patent, the '518 Patent, and the '484 Patent or, to the extent not so enjoined, ordering Oplink and OCP to pay compulsory ongoing royalties for any continuing infringement of the '918 Patent, the '097 Patent, the '332 Patent, the '518 Patent, and the '484 Patent;

G. Ordering that Oplink and OCP account, and pay actual damages (but no less than a reasonable royalty), to Finisar for their infringement of the '918 Patent, the '097 Patent, the '332 Patent, the '518 Patent, and the '484 Patent;

H. Ordering that Oplink and OCP pay Finisar's costs, expenses, and interest, including prejudgment interest, as provided for by 35 U.S.C. § 284;

I. Declaring that this is an exceptional case and awarding Finisar its attorneys' fees and expenses as provided for by 35 U.S.C. § 285;

J. Granting Finisar such other and further relief as the Court deems just and appropriate, or that Finisar may be entitled to as a matter of law or equity.

## JURY TRIAL DEMAND

Finisar demands a jury trial in this action on all issues so triable.

Dated: April 29, 2011

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ Winstol D. Carter, Jr.*
Winstol D. Carter, Jr.
Texas Bar No. 03932950
wcarter@morganlewis.com
F. Teresa Garcia-Reyes
Texas Bar No. 24045918
tgarcia-reyes@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
713.890.5000 Telephone
713.890.5001 Facsimile

ATTORNEYS FOR DEFENDANT
FINISAR CORPORATION

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on all counsel of record via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 29, 2011.

*/s/ Winstol D. Carter, Jr.*
Winstol D. Carter, Jr.